UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00116-HBB

JACKELINE B.[1]  PLAINTIFF

VS.

FRANK BISIGNANO, COMMISSIONER OF
SOCIAL SECURITY  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Before the Court is the Complaint (DN 1) of Jackeline B. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 14, 15) and Defendant (DN 17) have filed a Fact and Law Summary.  Plaintiff has filed a Reply (DN 18).  For the reasons that follow, final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9).  By Order entered January 2, 2025 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II. FINDINGS OF FACT

On June 18, 2020, Plaintiff filed an application for Supplemental Security Income (Tr. 302-09). On June 19, 2020, Plaintiff filed an application for Disability Insurance Benefits (Tr. 310-16). Plaintiff alleged that she became disabled on November 23, 2019, as a result of bone spurs in the right shoulder, lower back pain, tendonitis in the right shoulder, pain in the left hip, plantar fasciitis, social anxiety, and depression (Tr. 64, 84, 105, 113). The application was denied initially on January 21, 2021, and upon reconsideration on August 24, 2021 (Tr. 81; 120). On August 31, 2021, Plaintiff filed a written request for hearing (Tr. 173).

On April 14, 2022, Administrative Law Judge ("ALJ") Lisa Hall conducted a telephonic hearing (Tr. 126). ALJ Hall found that Plaintiff was not disabled during the claimed period (Tr. 137). The Appeals Council remanded the case back to the ALJ to address the medical evidence from Dr. VanderPlate as to Plaintiff's depression (Tr. 146). On September 28, 2023, ALJ Michael Scurry conducted a hearing of this case on remand (Tr. 17). Plaintiff and her attorney, Jessica Spencer, participated in the hearing (*Id.*). Diane Regan, an impartial vocational expert, was present but did not testify (Tr. 2314).

In a decision dated October 24, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-27). The ALJ noted that the Plaintiff met the insured status requirements of the Social Security Act through June 30, 2024 (Tr. 20). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 12, 2019 (*Id.*). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease and osteoarthritis (*Id.*). The ALJ determined that Plaintiff has the following non-severe impairments: plantar fasciitis,

anxiety, mood disorder, and depression (Tr. 20-23). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 23).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can lift and carry and push or pull twenty pounds occasionally and ten pounds frequently; she can sit, stand, or walk about six hours of each eight-hour workday; she can frequently reach overhead with her right upper extremity; she can reach in other directions with her right arm and in all directions with her left arm without limitation; and she should avoid concentrated exposure to vibration and hazards such as unprotected heights or moving and dangerous machinery (Tr. 23). At the fourth step, the ALJ found that the Plaintiff can perform past relevant work, incorporating the testimony from the vocational expert who testified at the first hearing (Tr. 26-27). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 10, 2020, through the date of the decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 1-4). The Appeals Council denied Plaintiff's request for review (*Id.*).

### III.    CONCLUSIONS OF LAW

#### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of*

*Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

### B.  The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

### C.   Vocational Expert Testimony

*1. Arguments of the Parties*

Plaintiff avers that the ALJ improperly relied on the testimony from the vocational expert who testified at the first hearing, thus violating Plaintiff's due process right (DN 14 PageID # 2378). Plaintiff also points out that the ALJ disobeyed the Appeals Council remand order to obtain testimony from a vocational expert (*Id.* at PageID # 2379-80) (citing Tr. 147). Further, Plaintiff relies on precedent to argue that hypothetical questions posed to the vocational expert must accurately reflect the Plaintiff's RFC, but that the ALJ violated this provision by relying on the previous vocational expert's testimony (*Id.* at PageID # 2380) (citing *Faucher v. Sec'y of*

*Health & Hum. Servs.*, 17 F.3d 171 (6th Cir. 1994); *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777 (6th Cir. 1987); *Jurski v. Sec'y of Health & Hum. Servs.*, 863 F.2d 48 (6th Cir. 1988)).

In response, Defendant contends that no due process violation occurred as Plaintiff's counsel was able to cross-examine the vocational expert at the first hearing and the ALJ complied with all applicable regulations (DN 17 PageID # 2392-93). Further, Defendant asserts that the ALJ complied with the Appeals Council's order for remand because the ALJ was not required to obtain more testimony (*Id.* at PageID # 2393). Defendant rearticulates Plaintiff's due process argument as attacking the ALJ's RFC determination, for which Plaintiff has not met her burden of proof (*Id.*).

In reply, Plaintiff reiterated her arguments that the additional pieces of medical evidence warranted new hypothetical questions to be posed to the vocational expert, thus the ALJ erred by relying on the first hearing's vocational expert (DN 18 PageID # 2403).

2. *Applicable Law*

At the fourth step in the sequential evaluation process, the ALJ makes findings regarding the weight assigned to medical source statements in the record[2], the claimant's subjective statements, the claimant's RFC, the physical and mental demands of the claimant's past relevant work, and the claimant's ability to return to the past relevant work.[3] In regard to the last finding, the relevant inquiry is whether the claimant can return to her past type of work rather than just her past job. *Studaway v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

A vocational expert's testimony must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Varley v. Sec'y of Health & Hum.*

---

[2] 20 C.F.R. §§ 404.1527(c), 416.927(c).
[3] 20 C.F.R. §§ 404.1520(f), 416.920(f).

6

*Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). At step four, the ALJ may rely on the vocational expert's testimony to determine if the claimant can return to their past relevant work. *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (citing 20 C.F.R. § 404.1560(b)(2)).

Pursuant to Social Security Ruling 82-61, a claimant may be found "not disabled" if she retains the residual functional capacity to perform the actual functional demands and duties of a particular past relevant job and considering the medical records regarding plaintiff, the vocational expert opines that plaintiff could perform her past relevant work.

*3. Discussion*

Plaintiff's first argument rests on due process (DN 14 PageID # 2378). The Supreme Court has affirmed that "due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests" as when the Social Security Agency denies benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Plaintiff cites to *Watters v. Comm'r of Social Sec. Admin.*, holding that a

> due process claim requires consideration of three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

530 F. App'x 419, 425 (6th Cir. 2013) (citing *Flatford v. Chater*, 93 F.3d 1296, 1306 (6th Cir. 1996)).

Plaintiff's interest in benefits satisfies the first prong. *See Eldridge*, 424 U.S. at 332. Plaintiff believes that the ALJ's reliance on the first hearing's vocational expert and failing to elicit testimony from the second vocational expert deprived her of "a full and fair hearing" thus satisfying the second prong (DN 14 PageID # 2379). "Claimants have a right to cross-examine

7

vocational experts as part of procedural due process." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499 (6th Cir. 2014) (quoting *Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999)). Plaintiff's counsel did cross-examine the vocational expert who testified at the first hearing (Tr. 58-60). The vocational expert ("VE") at the second hearing before ALJ Scurry did not testify (Tr. 2314-29).

> "A number of courts have found that an ALJ's reliance on vocational expert testimony from a prior appeal is proper when the ALJ's present RFC was the 'same exact' RFC as that determined in the prior case. *See Hylton v. Colvin*, No. 4:13cv67, 2015 U.S. Dist. LEXIS 92850, at *19 (W.D. Va. July 17, 2015) (collecting cases); *see also Paulson v. Astrue*, 368 Fed.Appx. 758, 760 (9th Cir. 2010) (holding that ALJ properly relied on the vocational expert testimony from a prior hearing based on an essentially identical RFC assessment); *Byrd v. Astrue*, No. 3:07cv121, 2008 U.S. Dist. LEXIS 84835, 2008 WL 4327006 (E.D. Tenn. Sept. 16, 2008) (rejecting claimant's argument that the ALJ erred in relying on previous vocational expert testimony when the claimant's RFC had not changed since the prior decision); *but see Satterfield v. Astrue*, No. 2:06cv0226, 2009 U.S. Dist. LEXIS 86904, 2009 WL 3028645, at *9 (N.D. Tex. Sept. 22, 2009) (finding that denial of the of the opportunity for cross-examination of the vocational expert was prejudicial and remanding the case to 'elicit VE testimony and allow cross-examination of the VE concerning jobs available for an individual of plaintiff's age, education, work history, and RFC.')[.] Thus, the ALJ's reliance on the testimony of the vocational expert during the 2008 hearing is not *per se* improper."

*Barry W.H. v. Comm'r of Soc. Sec.*, No. 2:23-CV-4068, 2024 U.S. Dist. LEXIS 191711, at *22 (S.D. Ohio Oct. 22, 2024) (quoting *Ramey v. Colvin*, No. 7:15-CV-242, 2016 WL 4529787, at *3 (W.D. Va. Aug. 3, 2016) (report and recommendation), *adopted*, 2016 WL 4532414 (W.D. Va. Aug. 29, 2016)). In sum, "[w]hen an ALJ determines that a claimant's RFC remains the same on rehearing, the ALJ can rely on VE testimony from a prior hearing concerning that RFC." *John J. v. Kijakazi*, No. 20-CV-50118, 2021 U.S. Dist. LEXIS 165882, at *20 (N.D. Ill. Sep. 1, 2021).

Here, ALJ Scurry adopted the same RFC as ALJ Hall, except for one change: ALJ Hall found that Plaintiff "could lift/carry and push/pull 20 pounds occasionally and 10 pounds occasionally" (Tr. 131) while ALJ Scurry found that Plaintiff "could lift and carry and push/pull

8

20 pounds occasionally and 10 pounds frequently" (Tr. 23). However, at the first hearing, ALJ Hall questioned the VE utilizing ALJ Scurry's RFC—that Plaintiff could lift and carry or push and pull ten pounds *frequently* (Tr. 57). Thus, ALJ Scurry properly incorporated the VE's testimony because it was based on the "same exact" RFC. *Barry W.H.*, 2024 U.S. Dist. LEXIS 191711, at *22 (citation omitted). As to Plaintiff's due process claim, because Plaintiff's counsel cross-examined the VE at the first hearing, Plaintiff was not deprived of a full and fair hearing because the second ALJ incorporated the VE's testimony.

Plaintiff next contends that the hypothetical questions posed to the VE did not accurately reflect the change in her age at the time of the second hearing (DN 14 PageID # 2381-82). While it is true that Plaintiff was fifty-five years old at the second hearing, placing her in the "advanced age" category, age is not considered at step four. *See* 20 C.F.R. § 404.1520(a)(4)(v) (at step five the ALJ considers the claimant's RFC, age, education, and work experience). Because at step four the ALJ found that Plaintiff can return to past relevant work (Tr. 26-27), the ALJ need not reach step five to determine Plaintiff's ability to perform a significant number of jobs in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Thus, Plaintiff's argument fails.

Finally, contrary to Plaintiff's claim (DN 14 PageID # 2379-80), the Appeals Council's order for remand does not mandate that the ALJ must obtain testimony from the second VE (Tr. 146-47) ("If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. . ."). Thus, the Plaintiff's argument fails.

The undersigned finds that the ALJ properly incorporated the VE's testimony from the first

hearing, comporting with applicable law, and no other errors exist in the ALJ's findings.

### D. Dr. VanderPlate's Medical Opinion

*1. Arguments of the Parties*

Plaintiff contends that the ALJ did not comply with the Appeals Council's order for remand by not providing a reasonable basis to discount the medical opinion of Dr. VanderPlate (DN 14 PageID # 2382-85). Plaintiff believes that the ALJ discredited Dr. VanderPlate's opinion without sufficiently articulating why the medical opinion was unpersuasive (*Id.* at PageID # 2383). Defendant responds that the ALJ complied with the Order for Remand and reasonably evaluated Dr. VanderPlate's medical opinion, but was not required to adopt his medical opinion (DN 17 PageID # 2397-2400). In reply, Plaintiff reiterated the same arguments that the ALJ discredited Dr. VanderPlate's medical opinion without evidentiary support (DN 18 PageID # 2403-04).

*2. Applicable Law*

The regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," in the record, even if it comes from a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJs will evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires ALJs to explain how they considered the

supportability and consistency factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).   Under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

*3. Discussion*

At the second hearing, ALJ Scurry found that Plaintiff had nonsevere mental impairments of anxiety, mood disorder, and depression (Tr. 22).   Dr. VanderPlate opined in January of 2021 that as to Plaintiff's mental impairments she has a mild limitation as to understanding, remembering, or applying information, a moderate limitation as to interacting with others, a moderate limitation as to concentrating, persisting, or maintaining pace, and a mild limitation as to adapting or managing oneself (Tr. 69).   Dr. VanderPlate based his opinion on Dr. Michael Whitten's medical opinion from December of 2020 (Tr. 72).   ALJ Scurry found both Dr. Whitten's and Dr. VanderPlate's medical opinions to be unpersuasive (Tr. 21).

Plaintiff first avers that the ALJ "discredited" Dr. VanderPlate's opinion without citing "any evidence contradicting the opinion" (DN 14 PageID # 2383).   In evaluating persuasiveness, the ALJ is only required to articulate supportability and consistency.   20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).   Thus, the ALJ is not required to specify contrary evidence, but explain how the medical opinion is not supported by or consistent with the medical evidence. Even so, the ALJ did cite specific evidence in finding that Dr. Whitten's opinion was unpersuasive (Tr. 21).   ALJ Scurry found that "[n]ot only does Dr. Whitten's own examination fail to support his opinion, but his opinion is also inconsistent with the remainder of evidence showing primarily normal psychiatric signs with only psychotropic medication management, which was effective

11

(See Exs. 1F/2,11; 9F/38,103; 18F/145; 19F/125,160,336)." (*Id.*). The ALJ found Dr. Whitten's opinion to be unpersuasive "because it is neither supported by his examination showing only mild signs, nor is it consistent with the remainder of the record." (*Id.*). Because Dr. VanderPlate relied solely on Dr. Whitten's examination, the ALJ properly found Dr. VanderPlate's opinion to be unpersuasive as well (*Id.*).

The rest of Plaintiff's argument disagrees with the ALJ's view of the evidence (DN 14 PageID # 2383-84). Plaintiff believes "there is definitive evidence that supports Dr. Whitten's report, and thus the opinion of Dr. VanderPlate" (*Id.* at PageID # 2383). Plaintiff also relies on notes from an initial visit on December 8, 2021, as "definitive evidence" (*Id.*) (citing Tr. 1670-71). Those notes describe Plaintiff's reported concerns "that for several years she has had increasing problems with her memory and forgetting what she is going to do." (Tr. 1670). Plaintiff reported having "spells where she has got lost in Madisonville and she said she previously knew how to get around Madisonville very well" and misplacing her keys (*Id.*). The ALJ considered these notes but stated that a memory "examination showed her MMSE 30 of 30" (Tr. 20).

While Plaintiff points to notes from a visit on February 14, 2022, showing concerns of Plaintiff's memory loss (*Id.*) (citing Tr. 1646-47), those same notes show that Plaintiff "reports getting lost in Madisonville, although she was previously familiar with the town. When asked how often she gets lost, she stated that it was just the one time." (Tr. 1646). The ALJ considered these notes in his determination, stating that "a speech language pathology evaluation from February 2022 did not indicate a need for speech language skilled care for informal testing findings of normal delayed memory and extremely low immediate memory (Ex. 19F/299)." (Tr. 20-21) (citing Tr. 1646-47). As to Plaintiff's memory issues, substantial evidence supports the ALJ's

determination that Dr. VanderPlate's medical opinion is unpersuasive. *Cotton*, 2 F.3d at 695.

Next, Plaintiff points to notes from several different visits exhibiting her anxiety and mania (DN 14 PageID # 2383-84). On September 19, 2022, Plaintiff presented at a primary care office for "agitation" or mania (Tr. 1171-74). Dr. Hack's office offered to call an ambulance to transport her to the hospital emergency room for a drug screen and psychiatric evaluation, but Plaintiff declined (Tr. 1173). The ALJ noted that Plaintiff never did go to the emergency room (Tr. 21) (citing Tr. 1171). On November 28, 2022, Plaintiff presented at a primary care facility for a one-month follow up visit for anxiety (Tr. 1494-97). The APRN noted that Plaintiff's symptoms "include compulsions, insomnia, irritability, nervous-anxious behavior, obsessions and restlessness" that "occur occasionally." (Tr. 1494). While Plaintiff argues that these show support for Dr. Whitten's medical opinion (DN 14 PageID # 2383-84), the ALJ pointed to the APRN's notes that since adding the medication Vraylar she was "very pleased with patient's progress with mental health" and that Plaintiff "seems to be doing a lot better mentally" (Tr. 1496, 21). At the follow-up visit she reported that her "quality of sleep is good" (Tr. 1494) and Plaintiff was not anxious (Tr. 1496). The ALJ noted that since this visit, Plaintiff "has not required crisis intervention, inpatient psychiatric hospitalization, or other intensive mental health treatment." (Tr. 21). As to Plaintiff's mental health issues, substantial evidence supports the ALJ's determination that Dr. VanderPlate's medical opinion is unpersuasive. *Cotton*, 2 F.3d at 695.

### E.   Conclusion

In conclusion, because the ALJ's decision is supported by substantial evidence and comports with applicable law, the undersigned must defer to his determination. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how the undersigned may

view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 13, 2025

Copies:   Counsel